IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. CORDOVA,

    Plaintiff,

v.                                                                                  Civ. No. 24-1084 SCY

CALVARY CHURCH and SKIP F. HEZIG,

    Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 24, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District court Without Prepaying Fees or Costs, Doc. 3, filed October 24, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated his average monthly income amount during the past 12 months is $0.00. Plaintiff also stated in his Complaint that he is homeless. *See* Complaint at 1. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and because Plaintiff is homeless and has had no income during the past 12 months.

**Order for Amended Complaint**

Plaintiff, who resides in New Mexico, asserts claims pursuant to 42 U.S.C. § 1983 against Calvary Church and Pastor Skip F. Hezig; both Defendants are citizens of New Mexico. *See* Complaint at 1-2. Plaintiff refers to a daughter and his wife, several vehicles and "family memb[e]r's loss of 3 ret[i]rement jobs." *Id.* at 2. Some portions of Plaintiff's handwritten responses in the Complaint form are illegible.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendants deprived Plaintiff of a federally protected right or that Defendants were acting under color of state law.

It is not clear whether Plaintiff is asserting claims pursuant to other federal or state laws

because there are no allegations describing what each Defendant did to Plaintiff, when they did it and what specific legal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

If Plaintiff is asserting state-law claims, the Court notifies Plaintiff that it does not have diversity jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states"). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). If the Court dismisses Plaintiff's federal law claims, then the Court may dismiss Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial.").

The Court orders Plaintiff to file an amended complaint. The amended complaint must clearly explain what *each* Defendant did to Plaintiff, when *each* Defendant did it, how *each*

Defendant's action harmed Plaintiff and what specific legal right Plaintiff believes *each* Defendant violated. *See Nasious*, 492 F.3d at 1163. For each claim Plaintiff asserts pursuant to federal law, the amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir. 2012), and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

The Court notifies Plaintiff that it will not consider illegible statements.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

*Steve Yarbrough*
**UNITED STATES MAGISTRATE JUDGE**